UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60110-LEIBOWITZ/AUGUSTIN-BIRCH

**PROSOMNUS SLEEP TECHNOLOGIES, INC.,**

    Plaintiff,

v.

**NYREE PENN,** *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

    This cause comes before the Court on Plaintiff Prosomnus Sleep Technologies, Inc.'s Motion for Final Default Judgment. DE 35. Defendants Nyree Penn, Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC have not responded to the Motion for Final Default Judgment, and their time to do so has passed. The Honorable David S. Leibowitz, United States District Judge, referred the Motion for Final Default Judgment to the undersigned United States Magistrate Judge for a report and recommendation. DE 36. The Court has carefully considered the Motion for Final Default Judgment and the record and is fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Motion for Final Default Judgment [DE 35] be **GRANTED IN PART AND DENIED IN PART**.

                  **I.**       **Plaintiff's Allegations**

    Plaintiff's Complaint pled six counts against the four Defendants. DE 1. Count I is a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1). *Id.* at 10–12.

Count II is a claim of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). *Id.* at 12–13. Count III is a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a). *Id.* at 13–14. Count IV is a claim of violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204. *Id.* at 14–15. Count V is a claim of trademark infringement under Florida common law. *Id.* at 15–16. Finally, Count VI is a claim of passing off and unfair competition under Florida common law. *Id.* at 16–17.

As the basis for its claims, Plaintiff alleged that it owns a mark for the word "PROSOMNUS" (the "PROSOMNUS mark") and owns two logos containing the words "PROSOMNUS SLEEP TECHNOLOGIES." *Id.* ¶¶ 12, 17. The PROSOMNUS mark and the logos are registered with the United States Patent and Trademark Office. *Id.* ¶ 17; *see* DE 1-2 (mark registration certificates). Plaintiff uses the PROSOMNUS mark to market "customized medical devices, diagnostic tests, and monitoring equipment for treating sleep disorders such as sleep apnea." DE 1 ¶ 12.

Plaintiff alleged that Defendant Nyree Penn owns and operates Defendants Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC. *Id.* ¶¶ 19–21. Defendants market services and products under "PROSOMNIA, PROSOMNIA SLEEP, and PROSOMNIA HEALTH & WELLNESS" marks (the "PROSOMNIA marks") that "are nearly identical" to Plaintiff's PROSOMNUS mark. *Id.* ¶ 22. The PROSOMNIA marks are not registered. *Id.* ¶ 28. Defendants use their PROSOMNIA marks to market "sleep therapy assessments, clinical sleep treatments, sleep apnea treatments, sleep-aid supplements and prescriptions, sleep therapy retreats and workshops for the general public and continuing educational courts for healthcare professionals." *Id.* ¶ 23.

The services and products that Defendants offer "are either identical or highly related" to the services and products that Plaintiff markets.  *Id.*  In addition, Defendants have used Plaintiff's PROSOMNUS mark to market Defendants' services and products.  *Id.* ¶¶ 32, 34.  Defendants' use of their PROSOMNIA marks and Plaintiff's PROSOMNUS mark "in connection with identical medical therapy devices and services is likely to cause confusion as to the source, association, affiliation, and sponsorship."  *Id.* ¶ 37.

Plaintiff further alleged that, because it registered and began to use its PROSOMNUS mark first, "Plaintiff enjoys senior trademark rights that have priority over Defendants' PROSOMNIA [m]arks."  *Id.* ¶ 35.  Plaintiff sent Defendants a cease-and-desist letter objecting to their use of the PROSOMNIA marks.  *Id.* ¶ 29; *see* DE 1-6 (cease-and-desist letter).  Defendants thereafter continued to use the PROSOMNIA marks.  DE 1 ¶¶ 32–33.  Defendants' continued use of PROSOMNIA marks that are nearly identical to Plaintiff's PROSOMNUS mark and that are likely to cause confusion is knowing, willful, intentional, and malicious.  *Id.* ¶¶ 34, 36, 39.

## II.     Procedural Background

Defendants appeared in this action and filed a Motion to Dismiss the Complaint.  DE 19.  Judge Leibowitz struck the Motion to Dismiss as to Defendants Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC because those entities improperly were attempting to appear *pro se*.  DE 23.  Judge Leibowitz denied the Motion to Dismiss as moot as to Defendant Nyree Penn because Defendant Nyree Penn also filed an Answer, and Judge Leibowitz then struck that Answer as a shotgun pleading that violated Federal Rule of Civil Procedure 8.  DE 27.  When no Defendant filed an appropriate response to the Complaint, the Clerk of Court entered clerk's default against all four Defendants.

DE 31.  Plaintiff then filed the Motion for Final Default Judgment that is currently before the Court.  DE 35.  Defendant Nyree Penn thereafter moved to set aside the clerk's default, and Judge Leibowitz denied that Motion.  DE 37; DE 40.

### III. Liability on Default

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action.  Fed. R. Civ. P. 55(a).  "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted).  The defaulting defendant does not admit facts that are not well-pleaded or admit conclusions of law.  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted.  *Id.* (explaining that entry of default judgment is warranted only if the pleading contains well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

A complaint states a claim upon which relief can be granted when it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Surtain*, 789 F.3d at 1245–48 (applying the plausibility pleading standard to evaluate whether a plaintiff's complaint stated claims on which she was entitled to entry of a default judgment).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleading must contain more than

4

labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The Court therefore evaluates each count in the Complaint to determine whether Plaintiff has plausibly stated its claims.

### A. Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114(1)

Under the Lanham Act, a person is liable if, without the consent of the registrant, he uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To prevail on a claim of trademark infringement under the Lanham Act, a plaintiff must demonstrate that its mark has priority over the defendant's mark and that the defendant's mark is likely to cause consumer confusion. *FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 946 (11th Cir. 2023).

"Rights in a trademark are determined by the date of the mark's first use in commerce," such that the "party who first uses a mark in commerce is said to have priority over other users." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1080–81 (11th Cir. 2016) (quotation marks omitted). Plaintiff alleged that it registered and began to use its PROSOMNUS mark years before Defendants began to use the PROSOMNIA marks. DE 1 ¶ 35. Plaintiff plausibly alleged that the PROSOMNUS mark has priority over the PROSOMNIA marks.

To assess whether a likelihood of consumer confusion exists, a court considers several factors that can provide circumstantial evidence of likelihood of confusion. *FCOA LLC*, 57 F.4th at 947. Those factors are (1) the strength of the allegedly infringed mark, (2) the similarity of the infringed and infringing marks, (3) the similarity of the goods and services the

5

marks represent, (4) the similarity of the parties' trade channels and customers, (5) the similarity of the advertising media the parties used, (6) the intent of the alleged infringer to misappropriate the proprietor's good will, and (7) the existence and extent of actual confusion in the consuming public. *Id.* The court weighs these factors independently and together to determine whether a likelihood of confusion can reasonably be inferred. *Id.*

Plaintiff alleged facts from which a likelihood of confusion can reasonably be inferred based on the above factors. With respect to strength, courts place a mark on a sliding scale of trademark strength. *Id.* at 949. That scale is: generic, descriptive, suggestive, and fanciful or arbitrary. *Id.* Fanciful marks are coined terms with no apparent meaning, and they receive the most protection based on strength. *Tancogne v. Tomjai Enters. Corp.*, 408 F. Supp. 2d 1237, 1245 (S.D. Fla. 2005). The word "prosomnus" is a coined term and demonstrates that the PROSOMNUS mark is strong.

With respect to the four factors assessing similarity, the words "prosomnus" and "prosomnia" are similar; in fact, the words are identical until the final two letters of each word. This similarity reasonably could create confusion. Plaintiff and Defendants use their marks to market similar goods and services to treat sleep disorders. DE 1 ¶¶ 12, 23. As their goods and services treat the same disorders, their target customers are similar. *Id.* ¶ 26. Plaintiff and Defendants similarly advertise their goods and services online. *Id.* ¶¶ 15, 24–25.

With respect to Defendants' intent, Plaintiff alleged that Defendants continued to use their PROSOMNIA marks after receiving Plaintiff's cease-and-desist letter. *Id.* ¶¶ 29, 32–33. In addition, Defendants have used Plaintiff's PROSOMNUS mark to market their own goods and

6

services. *Id.* ¶¶ 32, 34. These allegations demonstrate Defendants' knowing and willful use of potentially infringing trademarks.

Finally, Plaintiff did not allege actual consumer confusion. But it is not necessary to show actual confusion to demonstrate that a likelihood of consumer confusion exists. *Wreal, LLC v. Amazon.com, Inc.*, 38 F.4th 114, 137 (11th Cir. 2022). The first six factors and Plaintiff's allegations demonstrate that Defendants' use of the PROSOMNIA marks is likely to cause consumer confusion. Plaintiff plausibly stated a claim of trademark infringement under the Lanham Act.

### B. Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)

Under the Lanham Act, a person is liable if, "on or in connection with any goods or services, or any container for goods, [he] uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). To prevail on a claim of unfair competition under the Lanham Act, a plaintiff must show that it has trademark rights in the mark or name at issue and that the defendant adopted a mark or name that is the same or confusingly similar, such that consumers are likely to confuse the two. *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1265 (11th Cir. 2016).

Plaintiff alleged that it has rights in the PROSOMNUS mark in that Plaintiff registered the PROSOMNUS mark and began to use it years before Defendants began to use their

PROSOMNIA marks. DE 1 ¶ 35. And based on the same factors and allegations analyzed above to determine whether Plaintiff alleged facts from which a likelihood of confusion can reasonably be inferred, Plaintiff plausibly alleged that consumers are likely to confuse the PROSOMNUS mark with the PROSOMNIA marks. Plaintiff plausibly stated a claim of unfair competition under the Lanham Act.

### C. False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)

Under the Lanham Act, a person is liable if, "on or in connection with any goods or services, or any container for goods, [he] uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that, "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). To prevail on a claim of false advertising under the Lanham Act, a plaintiff must establish that the defendant's advertising was false or misleading, the advertising deceived or had the capacity to deceive consumers, the deception had a material effect on purchasing decisions, the misrepresented product, or service affects interstate commerce, and the plaintiff has been or is likely to be injured as a result of the false advertising. *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010).

Plaintiff plausibly alleged that Defendants' advertising was false or misleading and had the capacity to deceive consumers. First, for the reasons already discussed above, Defendants' use of the PROSOMNIA marks was misleading and likely to confuse consumers into mistaking

8

Defendants' goods and services for Plaintiff's goods and services. Second, Defendants used Plaintiff's PROSOMNUS mark to falsely market their own goods and services.

A plaintiff may establish the materiality requirement of a false advertising claim by showing that the defendants misrepresented an inherent quality or characteristic of their product. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002). The plaintiff need not have evidence of actual consumer deception. *Id.* at 1247. Here, Plaintiff's allegations demonstrate materiality in that consumers could think that Defendants' goods and services actually were Plaintiff's goods and services, especially in light of Defendants' use of Plaintiff's PROSOMNUS mark to falsely market their goods and services.

Plaintiff alleged the element of an effect on interstate commerce by pleading that Plaintiff and Defendants sell their goods and services throughout the United States. DE 1 ¶¶ 13, 26, 41. Finally, Plaintiff alleged the injury element by pleading that Defendants' use of the PROSOMNIA marks and the PROSOMNUS mark damage Plaintiff's business reputation and consumer goodwill. *Id.* ¶¶ 36, 38, 65. Plaintiff plausibly stated a claim of false advertising under the Lanham Act.

### D. Violation of FDUTPA, Fla. Stat. § 501.204

Under Florida law, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat. § 501.204(1). The elements of a FDUTPA claim are a deceptive act or unfair trade practice, causation, and actual damages. *Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1209 (11th Cir. 2024). The legal standards that apply to a FDUTPA claim are the same as those that apply to a claim under the Lanham Act. *Crystal Ent. & Filmworks, Inc. v. Jurado*, 643 F.3d

1313, 1323 (11th Cir. 2011).  Having plausibly stated claims of trademark infringement, unfair competition, and false advertising under the Lanham Act, Plaintiff plausibly stated a FDUTPA claim.

### E. Trademark Infringement Under Florida Common Law

The analysis of liability for trademark infringement under Florida common law is the same as the analysis of liability for trademark infringement under the Lanham Act.  *Abercrombie & Fitch Trading Co. v. Artemis Gesdy*, No. 19-CIV-60287, 2019 WL 4693557, at *3 (S.D. Fla. July 10, 2019).  Having plausibly stated a claim of trademark infringement under the Lanham Act, Plaintiff plausibly stated a claim of trademark infringement under Florida law.

### F. Passing Off and Unfair Competition Under Florida Common Law

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is the determining factor in the analysis of a claim of unfair competition under Florida common law.  *Id.*  Having plausibly stated claims of trademark infringement and unfair competition under the Lanham Act, Plaintiff plausibly stated a claim of unfair competition under Florida law.  Plaintiff plausibly pled each of its six claims and may obtain a default judgment.

### IV. Relief on Default

Plaintiff requests relief in the form of a permanent injunction, statutory damages, and attorney's fees and costs.  The Court addresses each form of relief.

### A. Permanent Injunction

Under the Lanham Act, courts "have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the

violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a).  To obtain a permanent injunction, a plaintiff must demonstrate that (1) it has suffered an irreparable injury; (2) remedies at law such as monetary damages are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008).

Each of these four elements is satisfied here.  First, Defendants' use of the PROSOMNIA marks and the PROSOMNUS mark damage Plaintiff's business reputation and consumer goodwill.  DE 1 ¶¶ 36, 38, 65.  "[L]oss of control of reputation, loss of trade, and loss of goodwill" are irreparable injuries.  *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005).  Second, "there is no adequate remedy at law for the injury caused by a defendant's continuing [trademark] infringement."  *Chanel, Inc. v. 21948352*, 769 F. Supp. 3d 1299, 1307 (S.D. Fla. 2025) (quotation marks omitted).  Monetary damages will not repair Plaintiff's business reputation and consumer goodwill.

Third, the balance of hardships favors issuing a permanent injunction because Defendants face no hardship from an injunction prohibiting unlawful activity.  *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290–91 (S.D. Fla. 2016) ("Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace.  By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.").  Fourth and finally, "the public interest supports issuance of a permanent

11

injunction against Defendants to prevent consumers from being misled by Defendants' products." *Id.* at 1291.

"The Court's broad equity powers allow the Court to fashion injunctive relief necessary to stop Defendants' infringing activities." *Id.* The Court recommends issuing a permanent injunction that contains the prohibitions and requirements Plaintiff included in its prayer for relief in the Complaint. *See* DE 1 at 17–19.

### B. Statutory Damages

The Lanham Act permits a plaintiff to recover the defendant's profits, any damages the plaintiff sustained, and the costs of the action. 15 U.S.C. § 1117(a). "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." *Id.* This statute "vests considerable discretion in the district court." *Burger King Corp. v. Mason*, 710 F.2d 1480, 1495 (11th Cir. 1983). "Additional extraordinary relief such as treble damages and attorney's fees are available under the statute if the district court believes that such an assessment would be just." *Id.* (emphasis omitted). An enhanced award "is discretionary, but it may not be punitive, and must be based on a showing of actual harm." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899, 904 (11th Cir. 2007) (quotation marks omitted). Statutory damages under the Lanham Act "should serve the dual purposes of compensating the plaintiff and sanctioning and deterring infringers." *Green Apple Juice Bar, LLC v. Bay Parc Plaza Mkt., LLC*, No. 22-23295-CIV, 2023 WL 3980245, at *7 (S.D. Fla. May 19, 2023), *report & recommendation adopted*, 2023 WL 3971175 (S.D. Fla. June 13, 2023).

Defendants have not participated in this action. Notably, they have not participated in discovery that would uncover information about their profits from their infringing activities. Thus, the Court cannot gage damages based on Defendants' profits and instead must exercise its discretion to award some other amount. *See Louis Vuitton Malletier v. 14497614*, No. 24-22652-CIV, 2025 WL 2720236, at *7 (S.D. Fla. Sept. 21, 2025) ("Statutory damages under the Lanham Act are particularly appropriate in the default judgment context because it is difficult to ascertain the defendants' profits and because the defendants have not participated in the litigation." (quotation marks omitted)), *report & recommendation adopted*, 2025 WL 3285424 (S.D. Fla. Sept. 26, 2025).

Plaintiff asks for $500,000 in damages and then asks for that amount to be tripled. DE 35 at 20. Based on the record and caselaw from this District, that request is excessive. The Court acknowledges that Defendants, by their default, have admitted Plaintiff's allegations showing that Defendants' infringing activities were knowing and willful. As discussed above, Defendants continued to use their PROSOMNIA marks after receiving Plaintiff's cease-and-desist letter. DE 1 ¶¶ 29, 32–33. But at the same time, Plaintiff has not alleged or provided any evidence that Defendants' infringing activities financially damaged Plaintiff. For instance, Plaintiff has not asserted that it actually lost sales due to Defendants' activities. The Court has no information from which to determine whether a damages award of $500,000 (with or without tripling) is an appropriate sum to compensate Plaintiff for any losses.

Under the circumstances of this case, a damages award of $100,000 per Defendant is just and adequate to compensate Plaintiff and to sanction Defendants' conduct. The Court does not recommend that this award be tripled. In addition to being appropriate under the facts of this

13

case, such an award is also in line with recent damages awards in defaulted infringement cases in this District. *E.g.*, *Louis Vuitton Malletier*, 2025 WL 2720236, at *7 ("The undersigned accordingly recommends an award of $100,000 against each of the Defendants."); *TJM Sols. LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-cv-21165, 2025 WL 2269985, at *7 (S.D. Fla. July 7, 2025) ("[T]he Court awards statutory damages of $100,000 against each Defendant indicated as a trademark infringer in Exhibit 1."); *Fanatics, LLC v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24-CV-24920, 2025 WL 1546516, at *9 (S.D. Fla. May 22, 2025) ("The Undersigned respectfully recommends that the District Court award Plaintiff the requested statutory damages amount of $100,000.00 against each Defendant."), *report & recommendation adopted*, 2025 WL 1546515 (S.D. Fla. May 30, 2025).

The Court recognizes that there are defaulted infringement cases from this District with far greater damages awards. *E.g.*, *YIP, LLC v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-61580-CIV, 2022 WL 3566883, at *7 (S.D. Fla. June 10, 2022) (collecting infringement cases with damages awards of $1,000,000 against each Defendant), *report & recommendation adopted*, 2022 WL 2712540 (S.D. Fla. July 13, 2022). But having considered Defendants' infringing activities, and lacking any evidence that Plaintiff suffered financial damage, an award of $100,000 per Defendant is just and adequate.

### C. Attorney's Fees and Costs

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional case" justifying a fee award under the Lanham Act "is one that can be characterized as malicious, fraudulent, deliberate and willful." *Tire*

*Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (quotation marks omitted). "Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Lanham Act . . . ." *TJM Sols. LLC*, 2025 WL 2269985, at *8. Furthermore, a party who prevails on a FDUTPA claim may receive "reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1).

Having prevailed on its claims and shown that Defendants' infringing activities were willful, Plaintiff is entitled to an award of its reasonable attorney's fees and costs. The Court recommends that Plaintiff be allowed to move for such an award following the entry of judgment. Any such motion should comply with Southern District of Florida Local Rule 7.3

## V. Recommendation

Based on the foregoing, the Court recommends that the Motion for Final Default Judgment [DE 35] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that a default judgment be entered in favor of Plaintiff Prosomnus Sleep Technologies, Inc. and against Defendants Nyree Penn, Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC. The Court recommends entry of a permanent injunction and recommends a statutory damages award of $100,000 per Defendant, with an award of attorney's fees and costs to be determined at a later date.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's

order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 21st day of January, 2026.

                                                                                    PANAYOTTA AUGUSTIN-BIRCH
                                                                                  UNITED STATES MAGISTRATE JUDGE