UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60110-LEIBOWITZ/AUGUSTIN-BIRCH

PROSOMNUS SLEEP TECHNOLOGIES,
INC.,

    *Plaintiff*,

v.

**NYREE PENN,** *et al.*,

    *Defendants.*
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Plaintiff's Motion for Final Default Judgment [ECF No. 35]. [ECF No. 41 (the "R&R")]. Judge Augustin-Birch recommends the Motion for Final Default Judgment [ECF No. 35] be granted in part and denied in part. [ECF No. 41 at 15]. Judge Augustin-Birch recommends that a final default judgment be entered in favor of Plaintiff and against Defendants Nyree Penn, Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC (collectively, "Defendants"). [*Id.*]. Judge Augustin-Birch also recommends entry of a permanent injunction and an award of $100,000 of statutory damages per Defendant. [*Id.*]. No objections were filed to the R&R. After careful review, the Court adopts Judge Augustin-Birch's R&R in its entirety.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the

specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up).

The parties have not submitted any objections to Judge Augustin-Birch's R&R, and the time to do so has expired. As such, the Court has reviewed the R&R for clear error only. Upon this review, the Court finds not only no clear error but also notes that Judge Augustin-Birch's R&R is thorough, cogent, and compelling. The Court adopts the R&R in its entirety.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Augustin-Birch's R&R [**ECF No. 41**] is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Final Default Judgment [**ECF No. 35**] is **GRANTED IN PART AND DENIED IN PART**. The Court will issue a Final Default Judgment in accordance with Rule 58.

3. Defendants, their officers, directors, employees, agents, servants, attorneys, and all persons in active concert or participation with Defendants are permanently enjoined from distributing, promoting, selling, or offering for sale any of their goods or services, including their Infringing Goods and Services in connection with sleep therapy assessments, clinical sleep treatments, sleep apnea treatments, sleep-aid supplements and prescriptions, sleep therapy retreats and workshops for the general public and continuing educational courses for healthcare professionals.

4. Plaintiff is awarded $100,000 per Defendant in statutory damages.

5.  The *Clerk* is *directed* to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on February 9, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Nyree Penn, *pro se*
Prosomnia Sleep, LLC, *pro se*
Prosomnia Sleep Health & Wellness of Aventura, LLC, *pro se*
Prosomnia Sleep Management, LLC*, pro se*