**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60110-LEIBOWITZ/AUGUSTIN-BIRCH**

PROSOMNUS SLEEP
TECHNOLOGIES, INC.,

     Plaintiff,

v.

NYREE PENN, *et al.*.

     Defendants.

_____/

### REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

This matter comes before the Court on Plaintiff Prosomnus Sleep Technologies, Inc.'s Verified Motion for Attorney's Fees and Costs. DE 45.  Defendants did not respond to the Verified Motion, and their time to respond has passed.  The Honorable David S. Leibowitz, United States District Judge, referred the Verified Motion to the undersigned United States Magistrate Judge for a report and recommendation.  DE 46.

The Court has carefully considered the Verified Motion, its attachments, and the record and is fully advised in the premises.  For the reasons set forth below, the Court recommends that the Verified Motion be **GRANTED IN PART AND DENIED IN PART**.  The Court recommends awarding Plaintiff $83,283.20, consisting of $81,378 in attorney's fees and $1,905.20 in costs, against Defendants, jointly and severally.

Plaintiff filed this lawsuit against Defendants Nyree Penn, Prosomnia Sleep, LLC, Prosomnia Sleep Health & Wellness of Aventura, LLC, and Prosomnia Sleep Management LLC for trademark infringement, unfair competition, false advertising, and violation of the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA").  DE 1.  Plaintiff succeeded in obtaining a final default judgment and permanent injunction against Defendants.  DE 43.  The Court already has ruled that Plaintiff may be awarded its reasonable attorney's fees and costs because it prevailed on its claim that Defendants' infringing activities were willful and on its FDUTPA claim.  DE 41 at 14–15 (Report and Recommendation); DE 42 (Order adopting Report and Recommendation).  The Court now must determine what fees and costs are reasonable.

## I.      Attorney's Fees

Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of documenting appropriate hours and hourly rates.  *Id.* at 1303.  Plaintiff filed two declarations with attached billing statements to substantiate its fee request.  DE 45-1; DE 45-2.

### A.  Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  *Id.*

Here, Plaintiff had the assistance of counsel located in Florida and in California.  Plaintiff has not argued that it needed to retain California counsel because it could not find Florida counsel

willing and able to handle its claims.  The Court considers the Southern District of Florida—the place where Plaintiff filed this case—the relevant market for the purpose of determining counsel's reasonable hourly rates.

Plaintiff had the assistance of three attorneys who are partner- or otherwise senior-level attorneys.  Attorney Scott E. Thompson is a partner who has practiced in intellectual property for more than forty years and serves as the co-leader of his law firm's intellectual property team.  He previously served as general counsel for companies such as Mars, Philip Morris, Colgate-Palmolive, and GlaxoSmithKline.  He billed at hourly rates between $675 and $715 for work in this case.

Attorney Patricia M. Dodson has practiced in civil litigation for more than thirty years and also has extensive criminal experience as a prosecutor.  She has tried over seventy jury trials as well as numerous bench trials.  She billed at hourly rates between $425 and $430 for work in this case.

Attorney Benjamin S. White is a partner who has practiced in trademark-related matters for more than fourteen years.  He had two federal judicial clerkships before beginning his practice. He billed at hourly rates between $525 and $580 for work in this case.

These three attorneys' credentials and experience are significant.  Courts in this district have approved hourly rates of around $700 or even more for such highly experienced attorneys. *E.g.*, *Boom Funded, LLC v. Aeva, LLC*, No. 24-cv-23649, 2025 WL 2959048, at *2 (S.D. Fla. Oct. 20, 2025) (awarding a partner with fifteen years' experience fees based on an hourly rate of $845 and citing cases where courts in this district approved hourly rates between $800 and $900 for senior-level attorneys); *Gulf Bldg., LLC v. Phila. Indem. Ins. Co.*, No. 22-CV-60573, 2024 WL 309026, at *7 (S.D. Fla. Jan. 8, 2024) (finding an hourly rate of $700 consistent with rates awarded

to highly experienced attorneys), *report & recommendation adopted*, 2024 WL 307623 (S.D. Fla. Jan. 26, 2024).  Having considered Attorneys Thompson, Dodson, and White's credentials and experience in conjunction with caselaw from this district, their hourly rates are reasonable.

Plaintiff had the assistance of three attorneys at the senior-associate level.  Attorney Carlyn E. Hazelip has approximately seven years' experience and billed at an hourly rate of $365 for work in this case.  Attorney Zayde J. Khalil has more than seven years' experience and billed at hourly rates between $420 and $445 for work in this case.  Attorney Joseph T. Cheng has more than five years' experience and billed at an hourly rate of $375 for work in this case.  Courts in this district have approved hourly rates of up to $500 for such associates.  *E.g.*, *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023) (concluding that the high-end hourly rate for a litigation associate in this district was $500), *report & recommendation adopted*, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023).  The Court has considered Attorneys Hazelip, Khalil, and Cheng's experience in conjunction with caselaw from this district and concludes that their hourly rates are reasonable.

Plaintiff also had the assistance of an attorney at the junior-associate level.  Attorney Savannah M. Swartz had over two years' experience when she worked on this case and billed at hourly rates between $325 and $360.  Courts in this district have approved similar hourly rates for junior-level associates.  *E.g.*, *Sadowski v. Unlawful Threads LLC*, No. 9:23-CV-81281, 2024 WL 2783335, at *5 (S.D. Fla. Mar. 28, 2024) (finding $325 a reasonable hourly rate for a junior-associate attorney).  Having considered Attorney Swartz's experience in conjunction with caselaw from this district, her hourly rates are reasonable.

Three other professionals billed for work in this case.  Patent Agent Josephine R. Chen has approximately three years' experience and billed at an hourly rate of $220.  Paralegal Clelia

Patrizio has more than ten years of litigation experience and billed at an hourly rate of $200.  And Paralegal Joshua Tavares has more than four years' experience and billed at an hourly rate of $225. These hourly rates are within the range that courts in this district have approved for professionals such as paralegals.  *E.g.*, *Boom Funded*, 2025 WL 2959048, at *3 (approving an hourly rate of $225 as reasonable for two paralegals); *Sprint Commc'ns, LLC v. Calabrese*, No. 18-CV-60788, 2025 WL 713048, at *7 (S.D. Fla. Feb. 20, 2025) (recommending as reasonable hourly rates between $261 and $295 for three paralegals), *report & recommendation adopted*, 2025 WL 708130 (S.D. Fla. Mar. 5, 2025).  The Court concludes that Ms. Chen, Ms. Patrizio, and Mr. Tavares' hourly rates are reasonable.

The Court has considered the credentials and experience of each attorney and professional in conjunction with caselaw from this district.  Further, Defendants have not opposed the hourly rates of the attorneys and professionals, despite being served with the Verified Motion at their last-known addresses and despite having more-than-adequate time to respond.  The Court recommends that Plaintiff be awarded fees that are based on the hourly rates of each timekeeper.

### B.  Hours Reasonably Expended

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours.  *Norman*, 836 F.2d at 1301.  Starting first with the attorneys and professionals in Florida, those timekeepers billed $54,058.50 in fees and provide billing statements to substantiate their work.  DE 45-1 at 6–30.

The fees Plaintiff seeks are significant for a case that resolved in default.  But this was an atypical default case because Defendants attempted to appear and participate, resulting in more motion practice than commonly seen in default cases.  The billing statements reflect that Defendant Penn was communicative with Plaintiff's counsel, but she was noncommunicative when it came

to service of process.  Certainly Defendants were within their rights to hold Plaintiff to the task of serving them.  But then additional fees accumulated while counsel conducted fact and legal research and strategized on the subject of how Defendants might be served.  The fees incurred to accomplish service of process were reasonable.

Once Defendants were served, Defendant Penn purported to file a Motion to Dismiss and an Answer on behalf of herself and the entity Defendants.  DE 18–DE 21.  Judge Leibowitz would go on to strike those filings with respect to the entity Defendants because they did not have counsel and could not appear *pro se*.  DE 23.  As for Defendant Penn, Judge Leibowitz would deny the Motion to Dismiss as filed simultaneously with an Answer and then strike the Answer as violating the Federal Rules of Civil Procedure.  DE 27.  While awaiting those rulings, counsel accumulated fees to review Defendants' filings, determine how to respond to them, conduct legal research, and draft responses.  The fees incurred to accomplish this were reasonable.

After Judge Leibowitz struck Defendants' filings, he permitted Plaintiff to move for final default judgment, and counsel accumulated fees to prepare the default motion and its attachments.  DE 34; DE 35.  Then, Defendant Penn moved to set aside her default, and Plaintiff's counsel prepared a response to that motion, incurring additional fees.  DE 37; DE 39.  Judge Leibowitz would deny Defendant Penn's motion and, in the end, enter a final default judgment and permanent injunction against Defendants.  DE 40; DE 43.

The procedural posture of this case explains why the timekeepers devoted a significant number of hours to litigating this case and, resultingly, incurred substantial fees.  The Court has reviewed in depth the billing statements substantiating their work.  For the most part, the billing statements reflect reasonableness in billing and exclusion of excessive, redundant, and unnecessary

hours.  There are two areas where the Court recommends reducing the hours for which Plaintiff seeks the Florida timekeepers' fees.

First, on June 2 and 3, 2026, a person named Akram A. Laroussi billed $703 for 3.7 hours of work.  DE 45-1 at 20–21.  Plaintiff has not explained who this person is or provided any information by which to evaluate the reasonableness of the person's hourly rate.  The $703 in fees should be disallowed.

Second, between September 14 and 30, 2025, Attorney Dodson billed $850 for 2 hours of work that included confirming a hearing date, scheduling mediation, seeking to continue trial, and resolving discovery deficiencies.  *Id.* at 24–25.  This work appears unrelated to this case, since there was never any hearing, there was never a referral to mediation, there was never a trial date that might be continued, and based on the posture of the case, there likely was never any discovery conducted.  The $850 in fees should be disallowed.  Subtracting $703 and $850 from the $54,058.50 in fees that the Florida timekeepers incurred, the Court recommends awarding Plaintiff $52,505.50 for the Florida timekeepers' work.

Turning to the attorneys and professionals in California, Plaintiff requests $29,975.35 in fees for their work.  DE 45-2 at 4.  Plaintiff provides billing statements to substantiate that work, but the fees reflected in those statements total only $29,849.  *Id.* at 6–28.  It appears that the discrepancy may be due to a failure to include the full statement from June 2025.  *See id.* at 14. But the Court cannot review the reasonableness of hours for which there is no substantiation.  The Court utilizes $29,849 as the starting point for Plaintiff's request for fees for the California timekeepers.  The Court has reviewed in depth the billing statements documenting their work.  The billing statements reflect reasonableness in billing and exclusion of excessive, redundant, and unnecessary hours.

There are areas in the billing statements where all of the timekeepers (both Florida and California) have partially redacted the descriptions of their tasks to preserve attorney-client privilege and work product confidentiality. But there are also areas in the California timekeepers' billing statements where task descriptions are completely redacted. The Court cannot review the reasonableness of hours for which there is no description whatsoever. The three entries where task descriptions are completely redacted are: a March 2, 2026 entry billing $464 for 0.8 hours of work, a March 18, 2026 entry billing $290 for 0.5 hours of work, and a March 23, 2026 entry billing $222.50 for 0.5 hours of work. These fees totaling $976.50 should be disallowed. Subtracting $976.50 from $29,849, the Court recommends awarding Plaintiff $28,872.50 for the California timekeepers' work. In total, the Court recommends awarding Plaintiff $81,378 in fees.

## II.    Costs

Plaintiff seeks an award of $1,905.02 in costs. Those costs consist of the $405 court filing fee, a $250 *pro hac vice* fee, a $30.27 postage fee, $1,093.40 in service fees, and a $126.35 online research fee. Defendants have not opposed an award of these costs. The Court concludes that Plaintiff reasonably incurred the costs to litigate this case and recommends awarding Plaintiff $1,905.02 in costs.

## III.    Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 45] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends awarding Plaintiff $83,283.20, consisting of $81,378 in attorney's fees and $1,905.20 in costs, against Defendants, jointly and severally.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 16th day of July, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE